Appeal from order, Supreme Court, New York County (Shirley Werner Kornreich, J.), entered December 5, 2011, which granted defendants-respondents ’ motions to dismiss the complaint, deemed appeal from judgment, same court and Justice, entered February 10, 2012, and, so considered, said judgment unanimously affirmed, with costs.
“The doctrine of in pari delicto mandates that the courts will not intercede to resolve a dispute between two wrongdoers” (Kirschner v KPMG LLP, 15 NY3d 446, 464 [2010]). “The justice of the in pari delicto rule is most obvious where a willful wrongdoer is suing someone who is alleged to be merely negligent” (id.), such as defendant Bank of America, N.A. It is true that defendant Fifth Third Bank is alleged to have acted willfully; however, in pari delicto “also applies where both parties acted willfully” (id.).
The IAS court properly declined to apply the adverse interest exception to the in pari delicto rule. Although the complaint alleges that plaintiffs’ former executives looted plaintiffs, it also alleges that the corrupt executives’ scheme brought millions of dollars into plaintiffs’ coffers and allowed plaintiffs to survive for a few years. “So long as the corporate wrongdoer’s fraudulent conduct enables the business to survive—to attract investors and customers and raise funds for corporate purposes”— the adverse interest exception does not apply (id. at 468).
In light of the foregoing, we need not reach defendants-respondents’ alternative arguments for dismissal. Concur— Gonzalez, P.J., Friedman, Saxe, Richter and Abdus-Salaam, JJ.